IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA J. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-00984-SMY |
| | ) |
| MRS. RODELY, | ) |
| MS. WOOD, | ) |
| MS. COWEN, | ) |
| JACQUELINE A. LASHBROOK | ) |
| and S. CARTWRIGHT, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Joshua Davis is a former inmate at Menard Correctional Center ("Menard"). He filed a First Amended Complaint (Doc. 11) pursuant to 42 U.S.C. § 1983 and Second Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 12) which are now before the Court for screening. As explained in more detail below, this matter does not survive preliminary review under 28 U.S.C. § 1915(e)(2), and shall be dismissed.

**Background**

Following his release from prison on parole, Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 against five defendants who allegedly violated his rights at Menard. (Doc. 1). He originally filed this lawsuit in the United States District Court for the Northern District of Illinois. *Davis v. Rodely, et al.*, No. 18-C-00323 (N.D. Ill.). Along with the Complaint, Plaintiff submitted an application for leave to proceed *in forma pauperis* ("IFP Motion"), in which he disclosed no income from any source following his release from prison.

1

The Northern District of Illinois screened this case pursuant to 28 U.S.C. § 1915(e)(2) and concluded that it did not survive preliminary review. Plaintiff's Complaint consisted of five "packets," each of which appeared to be a separate Complaint. Packet 1 was a Civil Complaint Form from the United States District Court for the Southern District of Illinois, naming two clinical services counselors at Menard as defendants. The Statement of Claim consisted of a list of miscellaneous "complaints" (*e.g.*, "no case management," "no medical record updating of all injuries prior to incarceration," "no phone data entry of members of congress & social services dept in county of residence," etc.). Packets 2-5 included four additional Complaints against staff at Big Muddy River, Centralia, and Vienna Correctional Centers. Each of the Complaints included a similar Statement of Claim.

The Northern District of Illinois denied Plaintiff's request for IFP and dismissed his Complaint at screening. (Doc. 9). Plaintiff was ordered to file a First Amended Complaint and to either pay the full $400.00 filing fee or resubmit a properly completed IFP Motion no later than March 23, 2018. Plaintiff complied with this deadline. The Northern District of Illinois then transferred the case to this District on April 18, 2018. (Doc. 14).

## Screening Pursuant to 28 U.S.C. § 1915(e)(2)

This matter is now before the Court for consideration of Plaintiff's First Amended Complaint (Doc. 11) and Second IFP Motion (Doc. 12). Because Plaintiff was on parole when he filed this action, he was not a "prisoner," as that term is defined under the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(h). Even so, a federal district court may allow a plaintiff's civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

The Court has reviewed Plaintiff's Second IFP Motion (Doc. 12) and finds that he is indigent, based on his assertions that he receives no appreciable income and is homeless. That said, Plaintiff's Complaint must also survive review under 28 U.S.C. § 1915(e)(2), which mandates dismissal of a case at any time the Court determines that the action is frivolous, fails to state a claim, or seeks monetary relief against an immune defendant. *Luevano v. Wal–Mart Stores, Inc.,* 722 F.3d 1014, 1018 (7th Cir. 2013).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on these principles, Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted, and shall therefore be dismissed pursuant to § 1915(e)(2). The pleading suffers from many of the same infirmities as the original Complaint and more. Plaintiff

barely mentions the defendants in the Statement of Claim. (Doc. 11, pp. 1-3, 5). Moreover, the Statement of Claim looks very much like the original Complaint. (Doc. 1, p. 15; Doc. 11, p. 5). It consists of the following list of miscellaneous complaints and vague references to department rule violations:

- Transferred to Menard Correctional Center 06-21-2017 – 10-23-2017
- Adjustment Committee Charges: 10-23-2017 – 11-30-2017
- IDOC Department Rule Book Violation of Rights
- No Case Management from Clinical Services Living Unit Counselors Clinical Services Counselors: Mrs. Rodely, Ms. Wood, & Jacqueline A. Lashbrook
- No Medical Record updating for filed documents IDOC Legal Form 0241
- IDOC Legal Form #DOC0193 Telephone list Video Visiting
- IDOC Department Rule Book Program Sentence Credit (PSC)
- DR 405-55 Education Program DR 405
- Federal B of I DR 107 Subpart D, DR 107.330
- Field Service Counselor S. Cartwright & Legal Form 0360 Address of Approved Residence.

(Doc. 11, p. 5).

Plaintiff offers no other explanation of his claims, and he includes no exhibits that clarify his claims. (Doc. 11). In his Request for Relief, Plaintiff seeks an investigation into the violations of his rights. (Doc. 11, p. 7). He adds that intake was never completed, his high school transcript was never ordered, his record was not expunged, and his property was not returned, among other things. *Id.*

A threshold inquiry in every action brought pursuant to 42 U.S.C. § 1983 includes: (1) whether the complained of conduct was committed by a person who was acting under color of state law; and (2) whether the conduct deprived the plaintiff of rights, privileges, or immunities guaranteed by the Constitution. *Toney-El v. Franzen*, 777 F.2d 1224, 1226 (7th Cir. 1985) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). These two elements are essential in any § 1983 action and must be satisfied before a plaintiff can proceed with a claim.

The First Amended Complaint does not satisfy these requirements. Plaintiff names four clinical/field services counselors and a warden as the only defendants in this action. However, he barely mentions them in the statement of his claim. Merely invoking the name of a potential defendant in the caption of a Complaint is not sufficient to state a claim against that individual under § 1983. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Rather, liability hinges on personal responsibility for the deprivation of a constitutional right. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Additionally, the doctrine of *respondeat superior* is inapplicable in this context. *Id.* In other words, Plaintiff cannot state a claim against the defendants simply because they supervised the individuals who violated his constitutional rights. He must explain what conduct of each defendant resulted in the deprivation of a constitutional right. *Id.* Plaintiff has not done so. Instead, he sets forth another "laundry list of violations of IDOC regulations or the orientation manual" as he did in the original Complaint. (Doc. 1, p. 15; Doc. 9, p. 2). But as the Northern District of Illinois already explained, noncompliance with state laws or procedures does not rise to the level of a constitutional violation. (Doc. 9, pp. 2-3) (citing *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (dismissing claim that defendants did not comply with applicable state regulations); *White v. Olig*, 56 F.3d 817, 821 (7th Cir. 1995) (holding that "failure to follow procedures mandated by state but not federal law . . . can only establish a state law violation" and "are not remedial under Section 1983")).

Given that Plaintiff set forth no allegations describing the defendants' conduct or the nature of the claims against them, the First Amended Complaint fails to state a claim upon which relief may be granted. Denial of the IFP Motion (Doc. 12) and dismissal of the First Amended Complaint (Doc. 11) are thus warranted under § 1915(e)(2). However, Plaintiff shall have one

final opportunity to file another IFP Motion and a Second Amended Complaint, if he wishes to proceed with this action.

### Pending Motion

Plaintiff's request for the appointment of counsel in his Second IFP Motion (Doc. 12) is **DENIED**. Although it appears that Plaintiff is indigent, he failed to disclose any efforts to recruit counsel on his own before seeking the Court's help. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (requiring a plaintiff to first demonstrate reasonable efforts to find counsel before requesting the Court's assistance)). He set forth no other reason why he is unable to represent himself in this matter. The First Amended Complaint and other pleadings are organized and coherent. Plaintiff appears capable of litigating this matter *pro se* at this time. For these reasons, Plaintiff's motion is denied without prejudice, and the Court remains open to Plaintiff's future requests for counsel.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 12) is **DENIED** and the First Amended Complaint (Doc. 11) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

**IT IS ORDERED** that Defendants **MRS. RODELY, MS. WOOD, MS. COWEN, JACQUELINE A. LASHBROOK,** and **S. CARTWRIGHT** are **DISMISSED** from this action without prejudice.

**IT IS ORDERED** that, should he wish to proceed with this case, Plaintiff must (1) file a Motion for Leave to Proceed *in forma pauperis* that includes his updated financial information or prepay the full $400.00 filing fee for this action no later than (June 28, 2018) and (2) file a

Second Amended Complaint by the same deadline of (June 28, 2018). Failure to comply with this deadline or the instructions set forth in this Order shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.,* 18-cv-00984-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his amended complaint. Claims against different defendants that are unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review under 28 U.S.C. § 1915(e)(2), and no service shall be ordered on any defendant until the Court completes this

review.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his updated Motion for Leave to Proceed *in forma pauperis* and Second Amended Complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank IFP motion and civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: May 31, 2018**

**s/ Staci M. Yandle**
**District Judge**
**United States District Court**

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.