IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA J. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-00984-SMY |
| | ) |
| MRS. RODELY, | ) |
| MS. WOOD, | ) |
| MS. COWEN, | ) |
| JACQUELINE A. LASHBROOK | ) |
| and S. CARTWRIGHT, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Joshua Davis, a former inmate in the Illinois Department of Corrections, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of Illinois. *See Davis v. Rodeley, et al.*, No. 18-C-00323 (N.D. Ill.). In the Complaint, Plaintiff asserted claims against officials at Menard Correctional Center ("Menard") for violations of his constitutional rights. (Doc. 1). He requested monetary damages. *Id*.

The Northern District of Illinois dismissed the Complaint and denied Plaintiff's application for leave to proceed *in forma pauperis* ("IFP application") pursuant to 28 U.S.C. § 1915(e)(2) on February 23, 2018. (Doc. 9). The Court ordered Plaintiff to file a First Amended Complaint and either pay the $400.00 filing fee or reapply for IFP by March 23, 2018. *Id*. Plaintiff submitted a First Amended Complaint and a new IFP application by the deadline. (Docs. 11-12). The Northern District of Illinois transferred the case to this District for all further proceedings on April 17, 2018. (Doc. 14).

1

This Court denied Plaintiff's IFP application and dismissed his First Amended Complaint on May 31, 2018. (Doc. 19). Plaintiff was ordered to file a Second Amended Complaint <u>and</u> either pay the $400.00 filing fee or submit an updated IFP application no later than June 28, 2018. (Doc. 19, pp. 6-7). He was warned that failure to comply with this deadline would result in dismissal of the action with prejudice. (Doc. 19, p. 7).

The deadline has now passed. Plaintiff did not comply with the Court's Order. He has not requested an extension of the deadline for doing so. In fact, the Court has received no communication from Plaintiff since May 7, 2018. (Doc. 18). The Court will not allow this matter to linger indefinitely. The action shall be dismissed with prejudice based on Plaintiff's failure to comply with an Order of this Court and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Court's Order (Doc. 19) or prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

**IT IS FURTHER ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. The filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the

appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 10, 2018**

s/ STACI M. YANDLE
**District Judge**
**United States District Judge**

3